**IT IS ORDERED as set forth below:**



**Date: August 14, 2025**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>HOWARD JACKSON JR. ESTATE,<br><br>Debtor. | CASE NO. 25-52295-PWB<br><br>CHAPTER 7 |

### ORDER OF DISMISSAL

On March 3, 2025, a chapter 7 bankruptcy petition was filed on behalf of the "Howard Jackson Jr. Estate" signed by Keturah Jackson, a purported "administrator" of the estate. Because an "estate" may not be a debtor in chapter 7, the Court issued an Order for the Debtor or any other party to appear on August 6, 2025 to show cause why this case should not be dismissed based upon the Debtor's apparent ineligibility

for relief under chapter 7. At the hearing the Chapter 7 Trustee, counsel for Planet Home Lending, LLC, and counsel for the United States Trustee appeared, but no one appeared on behalf of the Debtor. For the reasons stated on the record as further explained herein, there is no evidence an estate exists in this case and even if one did, an estate is not eligible to be a debtor. As a result, this case is dismissed.

The Debtor is identified as an "estate" and the petition was filed by a purported administrator. The Bankruptcy Code and Eleventh Circuit authority make clear that an "estate" may not a debtor in chapter 7.

Section 109(b) provides, "A person may be a debtor under chapter 7 of this title only if such person is not--

(1) a railroad;

(2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, a New Markets Venture Capital company as defined in section 351 of the Small Business Investment Act of 1958, a small business investment company licensed by the Small Business Administration under section 301 of the Small Business Investment Act of 1958, credit union, or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act, except that an uninsured State member bank, or a corporation organized under section 25A of the Federal Reserve Act, which operates, or operates as, a multilateral clearing organization pursuant to section

2

4091 of the Federal Deposit Insurance Corporation Improvement Act of 1991 may be a debtor if a petition is filed at the direction of the Board of Governors of the Federal Reserve System; or

(3)(A) a foreign insurance company, engaged in such business in the United States; or

(B) a foreign bank, savings bank, cooperative bank, savings and loan association, building and loan association, or credit union, that has a branch or agency (as defined in section 1(b) of the International Banking Act of 1978) in the United States.

Section 101(41) provides that the term "person" includes individual, partnership, and corporation, but does not include governmental unit, except for certain exceptions that are inapplicable here.

While § 101(41) does not specifically exclude a decedent's estate from being a "person" for purposes of bankruptcy, the Eleventh Circuit has held that the Bankruptcy Code's "definition of 'person,' and therefore its definition of 'debtor,' excludes insolvent decedents' estates." *Goerg v. Parungao* (*In re Goerg)*, 844 F.2d 1562, 1566 (11th Cir. 1988).

The Eleventh Circuit reasoned that there are "two indicia that Congress intended to exclude insolvent decedents' estates from the definition of 'person.' First, Congress defined 'entity' to include 'person, estate, trust, governmental unit, and United States trustee.' *Id*. § 101(14) (Supp. IV 1986). If Congress had intended 'person' to include 'estate,' there would have been no reason to list 'estate' separately

3

in the definition of 'entity.' Second, the legislative history expressly states that '[t]he definition [of person] does not include an estate or a trust.' H.R.Rep. No. 595, 95th Cong., 2d Sess. 313, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6270; S.Rep. No. 989, 95th Cong., 2d Sess. 25, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5811." *Id*.

Courts have overwhelmingly held that the Bankruptcy Code's provisions defining "person" and identifying who may be a "debtor" exclude insolvent decedents' estates. *E.g., In re Estate of Taplin, Ernest Von*, 641 B.R. 236, 243 (Bankr. E.D. Cal. 2022); *In re Estate of Gray ex rel. Gray*, 2011 WL 3946729 (E.D. Mich. 2011); *In re Walters*, 113 B.R. 602 (Bankr. D.S.D. 1990); *In re Estate of Whiteside by Whiteside*, 64 B.R. 99, 100–01 (Bankr. E.D. Cal. 1986). "The main reason cited by these courts in denying an insolvent probate estate access to bankruptcy is that Congress, through the Bankruptcy Code, elected not to extend bankruptcy to insolvent decedents' estates since probate systems developed by the individual states are a comprehensive and specialized machinery to administer such estates." *In re Walters*, 113 B.R. 602, 604 (Bankr. D.S.D. 1990) (collecting cases).

Bankruptcy Rule 1016 supports this conclusion. Although Bankruptcy Rule 1016 permits a chapter 7 case to continue notwithstanding the death of a debtor, it specifically reads, "In a Chapter 7 case, the debtor's death or incompetency does not *abate* the case." FED. R. BANKR. P. 1016(a) (emphasis added). The Merriam-Webster Dictionary defines "abate" as "to become defeated or become null or void" or "to put an end to." *Abate*, https://www.merriam-webster.com/dictionary/abate (last

4

visited August 13, 2025). The logical reading of this in the context of Bankruptcy Rule 1016 is that a debtor's death is an intervening act between the filing of the bankruptcy petition and the conclusion of the bankruptcy case. Nothing in the Rule would suggest that the filing of a bankruptcy petition by a decedent or his estate is permissible.

In addition to the eligibility issue, there are practical issues that warrant dismissal. To date, the Debtor has failed to file a creditor matrix, schedules, statement of financial affairs and other documents required by 11 U.S.C. § 521 and has failed to pay the filing fee for this case. [Doc. 2, 3, 4]. Without a creditor matrix, no creditor has notice of the existence of this case.[1]

Notwithstanding the Debtor's failure to file the necessary documents, the Trustee filed a notice with the Clerk requesting that the Court not dismiss the case because, "Trustee has identified and is investigating substantial non-exempt assets. As such, Trustee requests that this case NOT BE DISMISSED due to any deficiency." [Doc. 6].

At the show cause hearing the Chapter 7 Trustee explained that he was interested in selling the property located at 6566 Shaffers Way, Lithonia, Georgia (the

---

[1] One creditor, actually, does have notice. Planet Home Lending, LLC filed a motion for relief from the automatic stay or, in the alternative, a motion to dismiss that also came before the Court for hearing on August 6, 2025. [Doc. 18, 22]. Counsel for Planet Home Lending explained that her client was forced to rescind the foreclosure sale scheduled for March 4, 2025 due to the bankruptcy filing. Planet Home Lending's motion for relief from stay alleges a delinquency of 25 payments on the note exists. [Doc. 22, ¶ 6].

5

"Property"). Based upon the amount owed to Planet Home Lending and the estimated tax value, the Trustee believes there is substantial equity. He stated that he had been in contact with Ms. Keturah Jackson and that she and her siblings wanted the Trustee to sell the Property. Based on his conversation with Ms. Jackson he stated that there may be no other creditors other than Planet Home Lending. Given the amount of equity in the Property, he noted that this case appeared to be a *solvent* estate and potentially distinguishable from the cases discussing lack of eligibility for an insolvent decedent's estate.

The Court appreciates the Trustee's diligence and commitment to executing his duties pursuant to 11 U.S.C. § 704. But the Trustee's considerations cannot overcome the fact that this Debtor is not eligible to be a debtor.

First, as a factual matter, the Court has never seen Ms. Keturah Jackson. She did not appear at this hearing despite notice of it, and no notice has been provided to any sibling or any other potential heirs (if they exist). The Court cannot accept as true that she and her siblings are in agreement as to the disposition of the Property without any evidence in the record.

Second, no facts in the record indicate whether the Debtor is "insolvent" as the term is defined in 11 U.S.C. § 101(32). While there appears to be real property with equity, the record has no creditor list, schedules, or any other evidence that would indicate what liabilities the Debtor has. As a result, the distinction between "solvent" and "insolvent" is immaterial.

Finally, according to the Trustee, no one has sought relief on behalf of Mr. Howard Jackson Jr. in the appropriate county probate court. This means that no "Howard Jackson Jr. Estate" exists. A non-existent estate clearly cannot be a debtor, and Ms. Jackson cannot be an administrator with authority to act on its behalf.

Because the "Howard Jackson Jr. Estate" is not eligible to be a debtor in chapter 7, the case should be dismissed. And because the "Howard Jackson Jr. Estate" is not eligible to be a debtor and the Court concludes that the case should be dismissed, no estate exists, the Trustee has nothing to administer, and the Trustee's employment of a professional is not necessary.

If Ms. Jackson, her siblings, or other heirs seek to protect the Property and sell it, the appropriate individual should seek legal advice regarding the procedures for the administration of assets of a decedent pursuant to Georgia law in the Probate Court of DeKalb County, where Mr. Jackson appears to have maintained his domicile. O.C.G.A. § 53-6-21.[2]  Based on the foregoing, it is

ORDERED that this case is dismissed. It is

FURTHER ORDERED that the Chapter 7 Trustee's application to employ Taylor Duma is dismissed as moot. It is

---

[2] Information may be found on the DeKalb County Probate Court's website, https://dekalbprobatega.com/. General legal information provided by Atlanta Legal Aid Society and Georgia Legal Services Program may be found at https://www.georgialegalaid.org/issues/wills-and-life-planning.

7

FURTHER ORDERED that Planet Home Lending LLC's motion for relief from the automatic stay is dismissed as moot.

This Order has not been prepared for publication and is not intended for publication.

**END OF ORDER**

**Distribution List**

Neil C. Gordon
Taylor Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Howard Jackson Jr Estate
6566 Shaffers Way
Lithonia, GA 30058

Howard Jackson Jr Estate
Attn: Keturah Jackson
6566 Shaffers Way
Lithonia, GA 30058

Anjali Khosla
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071